JUDGE SWAIN          11 CIV 8205

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

KEVIN ROYER, KRIS HENRY, and
MIKHAIL LIRMAN, on behalf of
themselves and all others similarly
situated,

    Plaintiffs,

v.

J.P. MORGAN CHASE & CO., and
J.P. MORGAN CHASE BANK, N.A.

    Defendants.

COMPLAINT

Case No.:

FLSA COLLECTIVE ACTION AND
RULE 23 CLASS ACTION

JURY TRIAL DEMANDED

*[Stamp: NOV 14 2011 U.S.D.C. S.D.N.Y. CASHIERS]*

  Plaintiffs, on behalf of themselves and all others similarly situated, by their undersigned attorneys, allege, upon personal knowledge as to themselves and upon information and belief as to other matters, as follows:

## PRELIMINARY STATEMENT

  1. Plaintiffs were employed as full-time employees of Defendants J.P. Morgan Chase & Co. and J.P. Morgan Chase Bank, N.A. in the position of Business Banker, a non-exempt position subject to the overtime provisions of the Fair Labor Standards Act, as amended, 29 U.S.C. §§ 201 *et seq.* ("FLSA"), New York Labor Law, Article 19, §§ 650 *et seq.* ("NYLL"), supporting New York State Department of Labor regulations, N.J. Stat. § 34:11-56a4, and supporting New Jersey Department of Labor and Workforce Development regulations.

  2. Defendants have willfully engaged in a pattern, practice, and policy of unlawful conduct by failing to record, credit, and compensate their Business Bankers for work which

Defendants have effectively required and/or permitted such employees to work in excess of 40 hours per week.

3. Defendants' pattern, practice, and policy of requiring or permitting overtime work without compensation has violated its employees' rights under the FLSA and New York and New Jersey law.

4. Plaintiffs bring this action as on behalf of themselves and similarly situated current and former employees who elect to opt in to this action pursuant to the FLSA, and specifically, the collective action provision of 29 U.S.C. § 216(b) to remedy violations of the overtime provisions of the FLSA by Defendants that have deprived Plaintiffs and others similarly situated of their lawfully earned wages.

5. Plaintiffs also bring this action on behalf of themselves and similarly situated current and former employees who work(ed) at any New York and/or New Jersey location pursuant to Fed. R. Civ. P. 23 to remedy violations of New York and New Jersey law.

## JURISDICTION AND VENUE

6. This Court has original federal question under 28 U.S.C. § 1331 because this case is brought under the FLSA. This Court has supplemental jurisdiction over the New York and New Jersey state law claims as they are so related to the claims in this action within this Court's original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

7. Upon information and belief, the amount in controversy in this matter exceeds the sum or value of $5,000,000, exclusive of interest and costs.

8. Upon information and belief, at least one member of the proposed class is a citizen of a state different from that of Defendants.

9. Plaintiffs' claims involve matters of national or interstate interest.

10. Venue is proper in this District pursuant to 28 U.S.C. § 1391 because Defendants do substantial business in this District and because a substantial part of the acts or omissions giving rise to the claims alleged herein occurred within this District.

## THE PARTIES

11. Defendant J.P. Morgan Chase & Co. is a Delaware Corporation with its principal place of business in New York. J.P. Morgan Chase & Co. is a financial services company that operates thousands of bank branches in the United States. J.P. Morgan Chase & Co. issues paychecks for Plaintiffs, putative FLSA Collective members, and putative Class members. J.P. Morgan Chase & Co. is engaged in commerce, and its annual gross volume of sales made or business done exceeds $500,000.

12. Defendant J.P. Morgan Chase Bank, N.A. is a national bank with its headquarters in Ohio. J.P. Morgan Chase Bank, N.A. is a financial services company that operates thousands of bank branches in the United States. J.P. Morgan ChaseBank, N.A. issues paychecks for Plaintiffs, putative FLSA Collective members, and putative Class members. J.P. Morgan Chase Bank, N.A. is engaged in commerce, and its annual gross volume of sales made or business done exceeds $500,000.

13. Defendants are hereinafter collectively referred to as Chase or Defendants.

14. Plaintiff Kevin Royer was employed by Chase as a Business Banker at a Manhattan Chase branch from in or around January 2010 to in or around August 2011.

15. Plaintiff Mikhail Lirman was employed by Chase as a Business Banker at a West Caldwell, New Jersey Chase branch from in or around June 2009 to in or around March 2011.

16.     Plaintiff Kris Henry was employed by Chase as a Business Banker at two different Brooklyn Chase branches from in or around November 2007 to in or around September 2010

## FLSA COLLECTIVE ACTION ALLEGATIONS

17.     Plaintiffs bring the First Claim for Relief as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all Chase employees who were employed as Business Bankers at any United States location on or after the date that is three years before the filing of the Complaint in this case as defined herein ("FLSA Collective").

18.     At all relevant times, Plaintiffs and the other FLSA Collective Plaintiffs are and have been similarly situated, have had substantially similar job requirements and pay provisions, and are and have been subject to Defendants' decision, policy, plan and common policies, programs, practices, procedures, protocols, routines, and rules of willfully failing and refusing to pay them at least one-and-one-half times their regular hourly rates of pay for work in excess of forty (40) hours per workweek. The claims of Plaintiffs stated herein are essentially the same as those of the other FLSA Collective Plaintiffs.

19.     The First Claim for Relief is properly brought under and maintained as an opt-in collective action pursuant to § 16(b) of the FLSA, 29 U.S.C. 216(b). The FLSA Collective Plaintiffs are readily ascertainable. For purpose of notice and other purposes related to this action, their names and addresses are readily available from the Defendants. Notice can be provided to the FLSA Collective Plaintiffs via first class mail to the last address known to Defendants.

## RULE 23 CLASS ALLEGATIONS – NEW YORK

20. Plaintiffs bring the Second Claim for Relief pursuant to the Federal Rules of Civil Procedure ("F.R.C.P.") Rule 23, on behalf of (1) all Chase employees who were employed as Business Bankers at any New York State location on or after the date that is six years before the filing of this Complaint (the "New York Class") and/or (2) all Chase employees who were employed as Business Bankers at any New Jersey location on or after the date that is two years before the filing of this Complaint (the "New Jersey Class").

21. The New York and New Jersey Class members are readily ascertainable. The number and identity of the Class members are determinable from the Defendants' records. For purposes of notice and other purposes related to this action, their names and addresses are readily available from Defendants. Notice can be provided by means permissible under F.R.C.P. 23.

22. The proposed Classes are so numerous that joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parties and the Court. Although the precise number of such persons is unknown, and the facts on which the calculation of that number are presently within the sole control of Defendants, upon information and belief, there are significantly more than forty (40) members in each of the New York and New Jersey Classes.

23. Plaintiffs' claims are typical of those claims which could be alleged by any member of the New York and New Jersey Classes, and the relief sought is typical of the relief which would be sought by each member of the Classes in separate actions. All the New York and New Jersey Class members were subject to the same corporate policies and practices of Defendants, as alleged herein, of willfully failing and refusing to properly pay them for all hours worked and at least one-and-one-half times their regular hourly rates of pay for work in excess of forty (40) hours per workweek. Defendants' corporate-wide policies and practices affected all

New York and New Jersey Class members similarly, and Defendants benefited from the same type of unfair and/or wrongful acts as to each Class member. Plaintiffs and the New York and New Jersey Class members sustained similar losses, injuries and damages arising from the same unlawful policies, practices and procedures.

24. Plaintiffs Royer and Henry are able to fairly and adequately protect the interests of the New York Class and have no interests antagonistic to the New York Class. Plaintiff Lirman is able to fairly and adequately protect the interests of the New Jersey Class and has no interests antagonistic to the New Jersey Class. Plaintiffs are represented by attorneys who are experienced and competent in employment and wage and hour litigation and class action litigation and have many times previously represented plaintiffs in wage and hour class cases.

25. A class action is superior to other available methods for the fair and efficient adjudication of the controversy – particularly in the context of wage and hour litigation where individual class members lack the financial resources to vigorously prosecute a lawsuit against corporate defendants. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender. Because the losses, injuries and damages suffered by each of the individual New York and New Jersey Class members are relatively small in the sense pertinent to a class action analysis, the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual Class members to redress the wrongs done to them. On the other hand, important public interests will be served by addressing the matter as a class action. The adjudication of individual litigation claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would result in a significant

saving of these costs. The prosecution of separate actions by individual members of the New York and New Jersey Classes would create a risk of inconsistent and/or varying adjudications with respect to the individual members of the Class, establishing incompatible standards of conduct for Defendants and resulting in the impairment of class members' rights and the disposition of their interests through actions to which they were not parties. The issues in this action can be decided by means of common, class-wide proof. In addition, if appropriate, the Court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

26. Upon information and belief, Defendants and other employers throughout New York and New Jersey violate New York and New Jersey wage and hour laws. Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees are fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment. Class actions provide class members who are not named in the complaint a degree of anonymity which allows for the vindication of their rights while eliminating or reducing these risks.

27. There are questions of law and fact common to the New York and New Jersey Classes which predominate over any questions affecting only individual class members, including:

    a. Whether New York and New Jersey Class members are exempt from, respectively, New York and New Jersey's laws mandating overtime payments;

    b. Whether Defendants failed to pay New York and New Jersey Class members at least one-and-one-half times their regular hourly rates of pay for work in excess of forty (40) hours per workweek;

    c.    Whether New York and New Jersey Class members are entitled to damages, and if so, the means of measuring such damages; and

    d.    Whether Defendants are liable for New York Labor Law liquidated damages.

## FACTUAL ALLEGATIONS

28.    Plaintiffs' consent to sue forms are attached hereto as Exhibit 1.

29.    Business Bankers are the primary sales-force selling Chase's financial products and services to business customers in Chase branches.

30.    Throughout the period of time covered by this lawsuit, Defendants have used the same job description, operating policies and human resources policies and practices for its Business Bankers in all Chase branches throughout the United States.

31.    Throughout the period of time covered by this lawsuit, Defendants have compensated all of their Business Bankers on a salary plus commission basis and pursuant to uniform policies, procedures, practices and standards.

32.    Plaintiffs and, upon information and belief, FLSA Collective members and New York and New Jersey Class members, routinely worked in excess of 40 hours per week. Plaintiffs and other Business Bankers were often required to work through their lunch-breaks and regularly worked more than ten hours per day, five days per week.

33.    Chase did not pay Business Bankers one and a half times their regular hourly rate of pay for hours worked in excess of 40 per week. Rather, Business Bankers were paid a salary regardless of how many hours they worked.

34.    Upon information and belief, Defendants knew or recklessly disregarded the fact that it was illegal not to pay Plaintiffs, FLSA Collective members, and New York and New Jersey Class members for all hours worked, including overtime.

35. Defendants willfully committed the foregoing acts against Plaintiffs, the FLSA Collective, and the New York and New Jersey Class members.

### FIRST CAUSE OF ACTION
### (FLSA Overtime Violations, 29 U.S.C. § 207
### Brought by Plaintiffs on Behalf of Themselves
### and the FLSA Collective)

36. Plaintiffs incorporate the allegations contained in the previous paragraphs of this Complaint as if fully set forth herein.

37. At all times relevant to the present action, Defendants were and continue to be "employers" engaged in interstate commerce within the meaning of the FLSA and employed Plaintiffs and each member of the FLSA Collective within the meaning of the FLSA.

38. At all relevant times, Defendants operated under a policy and practice of refusing to pay overtime compensation to Business Bankers for the hours they worked in excess of 40 hours per week and demanding, encouraging, allowing, suffering and/or knowingly permitting the FLSA Collective members to work off-the-clock.

39. At all relevant times, Defendants willfully, regularly and repeatedly failed to pay Plaintiffs and the FLSA Collective members at the required overtime rate of one-and-one-half times their regular hourly rate of pay for hours worked in excess of forty (40) hours per workweek.

40. Plaintiffs, on behalf of themselves and the FLSA Collective members, seek damages in the amount of their respective unpaid overtime compensation, liquidated (double) damages as provided by the FLSA for overtime violations, attorneys' fees and costs, and such other legal and equitable relief as this Court deems just and proper.

### SECOND CAUSE OF ACTION
### (New York Overtime Violations, N.Y. Comp. Codes R. & Regs. tit. 12, § 142-2.2

**Brought by Plaintiffs Royer and Henry on Behalf of Themselves and the New York Class)**

41. Plaintiffs incorporate the allegations contained in the previous paragraphs of this Complaint as if fully set forth herein.

42. At all relevant times, Defendants operated under a policy and practice of refusing to pay overtime compensation to Plaintiffs Royer and Henry and the New York Class members for the hours they worked in excess of 40 hours per week and demanding, encouraging, allowing, suffering and/or knowingly permitting Plaintiffs Royer and Henry and the New York Class members to work off-the-clock.

43. At all relevant times, Defendants willfully, regularly and repeatedly failed to pay Plaintiffs Royer and Henry and the New York Class members at the required overtime rate of one-and-one-half times their regular hourly rate of pay for hours worked in excess of forty (40) hours per workweek.

44. Plaintiffs Royer and Henry, on behalf of themselves and the New York Class members, seek damages in the amount of their respective unpaid compensation, liquidated damages as provided for by the New York Labor Law, attorneys' fees and costs, pre- and post-judgment interest, and such other legal and equitable relief as this Court deems just and proper.

### THIRD CAUSE OF ACTION
(New Jersey Overtime Violations, N.J. Stat. 34:11-56a4
Brought by Plaintiff Lirman on Behalf of Himself and the New Jersey Class)

45. Plaintiffs incorporate the allegations contained in the previous paragraphs of this Complaint as if fully set forth herein.

46. At all relevant times, Defendants operated under a policy and practice of refusing to pay overtime compensation to Plaintiff Lirman and the New Jersey Class members for the

hours they worked in excess of 40 hours per week and demanding, encouraging, allowing, suffering and/or knowingly permitting Plaintiff Lirman and the New Jersey Class members to work off-the-clock.

47. At all relevant times, Defendants willfully, regularly and repeatedly failed to pay Plaintiff Lirman and the New Jersey Class members at the required overtime rate of one-and-one-half times their regular hourly rate of pay for hours worked in excess of forty (40) hours per workweek.

48. Plaintiff Lirman, on behalf of himself and the New Jersey Class members, seek damages in the amount of their respective unpaid compensation, attorneys' fees and costs, pre and post judgment interest, and such other legal and equitable relief as this Court deems just and proper.

**WHEREFORE,** Plaintiffs pray for:

A. A Declaration that Defendants have violated the FLSA and other applicable employment laws;

B. Designation of this action as a collective action on behalf of the FLSA Collective members (asserting FLSA claims and state claims) and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the FLSA opt-in class, apprising them of the pendency of this action, and permitting them to assert timely FLSA claims and state claims in this action by filing individual Consent to Sue forms pursuant to 29 U.S.C. § 216(b);

C. Designation of Plaintiffs as Representatives of the FLSA Collective members;

D. Designation of this action as a class action pursuant Fed. R. Civ. P. 23;

E. Designation of Plaintiffs Royer and Henry as Representatives of the New York Class and of Plaintiff Lirman as Representative of the New Jersey Class;

F.	Designation of Plaintiffs' Counsel as Class Counsel for the FLSA Collective members and for the New York and New Jersey Classes.

G.	An award of damages, according to proof, including FLSA and NYLL liquidated damages, to be paid by Defendants;

H.	Penalties available under applicable laws;

I.	Costs of action incurred herein, including expert fees;

J.	Attorneys' fees, including fees pursuant to 29 U.S.C. § 216, N.Y. Lab. L. § 663, N.J. Stat. § 34.11-56a25, and other applicable statutes

K.	Pre-judgment and post-judgment interest, as provided by law; and

L.	Such other and further legal and equitable relief as this Court deems necessary, just and proper.

## JURY TRIAL DEMAND

Plaintiffs demand a trial by jury on all causes of action and claims with respect to which they have a right to a jury trial.

Dated: New York, New York
November 11, 2011

Respectfully submitted,

**JOSEPH, HERZFELD, HESTER
& KIRSCHENBAUM LLP**

_____
D. Maimon Kirschenbaum
Denise Schulman
233 Broadway
5th Floor
New York, New York 10279
Telephone: 212-688-5640
Facsimile: 212-688-2548
maimon@jhllp.com

**HARRISON, HARRISON &
ASSOCIATES, LTD.**
David Harrison
110 State Highway 35, 2nd Floor
Red Bank, NJ, 07701
Telephone: 718-799-9111
Facsimile: 718-799-9171
nycotlaw@gmail.com

*Attorneys for Plaintiffs, proposed FLSA
Collective members, and proposed Class
members*

# Exhibit 1

## CONSENT TO SUE UNDER
## FEDERAL FAIR LABOR STANDARDS ACT

I am an employee currently or formerly employed by J.P. MORGAN CHASE & CO. and J.P. MORGAN CHASE BANK, N.A. and/or related entities/individuals. I consent to be a plaintiff in an action to collect unpaid wages. I agree that I am bound by the terms of the Professional Services Agreement signed by the named plaintiffs in this case.

_Mikhail Lipman_
Full Legal Name (Print)

_[signature]_
Signature

_10/26/2011_
Date

## CONSENT TO SUE UNDER
## FEDERAL FAIR LABOR STANDARDS ACT

I am an employee currently or formerly employed by J.P. MORGAN CHASE & CO. and J.P. MORGAN CHASE BANK, N.A. and/or related entities/individuals. I consent to be a plaintiff in an action to collect unpaid wages. I agree that I am bound by the terms of the Professional Services Agreement signed by the named plaintiffs in this case.

Kevin Royer
Full Legal Name (Print)

_____
Signature

10-19-11
Date

## CONSENT TO SUE UNDER
## FEDERAL FAIR LABOR STANDARDS ACT

I am an employee currently or formerly employed by J.P. MORGAN CHASE & CO. and J.P. MORGAN CHASE BANK, N.A. and/or related entities/individuals. I consent to be a plaintiff in an action to collect unpaid wages. I agree that I am bound by the terms of the Professional Services Agreement signed by the named plaintiffs in this case.

_Kris M Henry_
Full Legal Name (Print)

_[signature]_
Signature

_11/10/11_
Date