UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

KEVIN ROYER, KRIS HENRY, and
MIKHAIL LIRMAN, on behalf of themselves
and all others similarly situated,

    Plaintiffs,

v.

J.P. MORGAN CHASE & CO. and
J.P. MORGAN CHASE BANK, N.A.,

    Defendants.

Civil Action No. 11 CV 8205 (LTS) (RLE)

## [PROPOSED] ORDER GRANTING PRELIMINARY APPROVAL OF CLASS AND COLLECTIVE ACTION SETTLEMENT

On _April 1, 2014_, the Court heard an unopposed motion for preliminary approval of a settlement of a putative class and collective action by KEVIN ROYER, KRIS HENRY, AND MIKHAIL LIRMAN (collectively referred to as "Class Representatives"), on behalf of themselves and all others similarly situated, and Defendants JPMORGAN CHASE & CO. and JPMORGAN CHASE BANK, N.A. (collectively referred to as "Defendants"). The Court has considered the Joint Stipulation of Settlement and Release ("Stipulation"), and its attached exhibits, and the submissions of counsel, and hereby finds and orders as follows:

    1.    Unless otherwise defined herein, all terms used in this order (the "Preliminary Approval Order") will have the same meaning as defined in the Stipulation.

    2.    The Court finds on a preliminary basis that the settlement memorialized in the Stipulation, filed with the Court, falls within the range of reasonableness and, therefore, meets the requirements for preliminary approval.

    3.    The Court grants preliminary approval of the parties' Stipulation.

DB1/ 77433373.1

4. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Court conditionally certifies, for settlement purposes only (and for no other purpose and with no other effect upon this or any other action, including no effect upon this action should the Settlement not ultimately be approved), the following class action (the "Class"): All individuals who were employed by Chase in the United States outside of California in one of the following job titles: Business Banker, Mgr-Small Business Banker, and Relationship Manager I (collectively, "Business Bankers") at any time during the Covered Period.

5. Pursuant to 29 U.S.C. § 216(b), the Court conditionally certifies, for settlement purposes only (and for no other purpose and with no other effect upon this or any other action, including no effect upon this action should the Settlement not ultimately be approved), the following collective action (the "Collective Action"): All individuals who were employed by Chase in the United States outside of California as a Business Banker at any time during the Covered Period.

6. The Court appoints, for settlement purposes only, Plaintiffs Kevin Royer, Kris Henry, and Mikhail Lirman as representatives of the Class and Collective Action.

7. The Court appoints, for settlement purposes only, the following attorneys as "Class Counsel": Maimon Kirschenbaum and Denise Schulman of Joseph & Kirschenbaum LLP, David Harrison of Harrison, Harrison & Associates, LTD., and Richard (Rex) Burch of Bruckner Burch PLLC.

8. The Court approves Rust Consulting as the Claims Administrator to perform duties in accordance with the Stipulation.

9. The Court finds that the procedures for notifying the Class about the Settlement as described in the Stipulation provide the best notice practicable under the circumstances and

therefore meet the requirements of due process, and directs the mailing of the Class Notice and Claim Form in accordance with the Stipulation.

10. The Court approves, as to form and content, the proposed Class Notice, attached to the Stipulation as Exhibit A, and the attached Claim Form (Exhibit C). The Claims Administrator is authorized to mail those documents, after they are updated with the appropriate dates and deadlines consistent with the Stipulation, to the Class and Collective Action members as provided in the Stipulation.

11. Any written objection to the settlement by a Qualified Class Member must be filed with this Court no later than sixty (60) days after the Class Notice is mailed to the Class and Collective Action members by the Claims Administrator.

12. Pending the Court's decision on final approval of the Settlement and entry of the Court's Final Order and Judgment, Plaintiffs and all Class and Collective Action Members and anyone acting on behalf of any Class and Collective Action Member shall be barred and enjoined from: (a) further litigation in this Action; (b) filing, or taking any action directly or indirectly, to commence, prosecute, pursue or participate on a class or collective action basis any action, claim or proceeding against Chase in any forum in which any of the claims subject to the Settlement are asserted, or which in any way would prevent any such claims from being extinguished; or (c) seeking, whether on a conditional basis or not, certification of a class or collective action that involves any such claims.

13. In the event that the Effective Date as defined in the Stipulation does not occur, the Settlement and the Stipulation shall be deemed null and void and shall have no effect whatsoever, other than the non-disclosure provisions in Paragraph 3.10, and the non-admission provisions in Paragraph 3.9(J), which shall remain in effect. In such case, nothing in the

Stipulation or this Order shall be relied upon, cited as, constitute evidence of, or constitute an admission that class or collective action certification is or may be appropriate in this action or any other matter.

14. The parties are ordered to carry out the Settlement according to the terms of the Stipulation.

15. The Court will conduct a Fairness and Good Faith Determination Hearing on _Sept. 11_, 2014 at _9:30_ a.m./p.m. for the purposes of: (a) making a final determination of the fairness, adequacy, and reasonableness of the Settlement terms and procedures; (b) fixing the amount of attorneys' fees and litigation costs and expenses to Class Counsel and enhancement awards to the Plaintiffs and Enhancement Award Plaintiffs; (c) hearing any timely and properly filed objections; and (d) entering Judgment. The Fairness and Good Faith Determination Hearing may be continued without further notice to Class or Collective Action Members. The Plaintiffs shall file their motion for final approval of the settlement, and Class Counsel shall file their motion for attorneys' fees, litigation costs and expenses, and enhancement awards on or before _September 25_, 2014.

**IT IS SO ORDERED.**

Dated: _April 29_, 2014

_____
Hon. Ronald L. Ellis
United States Magistrate Judge